The opinion of the court was delivered by
McEnery, J.
The defendant was convicted of manslaughter and sentenced to hard labor. He appealed. He relies upon a bill of exception taken to the charge of the trial judge and on a motion for a new trial.
The exception to the charge is that the trial judge dwelt upon particular facts in the case and gave an unfair and undue prominence to testimony of the only witness for the State. In his statement *1445 appended to the bill the trial judge says he can not give his assent to the facts stated in the bill, and that there was no conflict in the testimony of all the witnesses as to who was the aggressor in the fatal affray. “ That portion of the charge objected to presented to the jury, by way of illustration, a merely hypothetical case, without assuming any fact as proven or disproven.”
His statement brings this case within the rulings of State vs. Smith, 11 An. 633; State vs. Dennison, 44 An. 136. In the bill of exception no testimony is brought up to show that any witness testified to a state of facts in opposition to the illustration given by the trial judge, or that his charge was based on the testimony of the State witness which had been controverted by other witnesses.
In these hypothetical statements it is the duty of the judge not to trench upon controverted facts, and so state the case that the jury may assume that a certain state of facts has been proved. But this from the judge’s statement does not seem to be the case here.
The bill of exception in relation to the refusal to grant a new trial is based on the statement of a juror. It was shown on the trial of the motion for a new trial that one of the jurors had gone to the water closet. When he came out one of the deputy sheriffs said to him: “ I guess this is good for all night.” The juror, Switzer, replied: “Oh, no! I’ll wind it up in a short while; one way or the other will suit me.”
Any act of jurors clearly indicating a disregard of the solemn duty imposed upon them and a disregard of the solemnity of their oaths will be sufficient to avoid the verdict. When the juror was sworn the defendant had a right to believe that he would give hiña a fair and impartial trial from the testimony adduced on the trial. He could not expect that the juror would give no weight to the testimony and consult his own convenience and pleasure, and make it a matter of indifference whether he would convict or acquit the defendant, if in that way he could avoid the unpleasant confinement for a night in the jury room.
The juror may have reconsidered his declaration of indifference as to the manner in which the ease was to be decided. But of this we can know nothing, and must accept his declared intention to acquit or convict, according as a vote either way would relieve him from jury duty and a night’s confinement in cáse of disagreement.
The sentence and verdict are annulled and avoided, and it is now *1446 ordered that the case be remanded to be proceeded with in due course of law.